**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NATIONAL CITY BANK OF MICHIGAN,**
           **Plaintiff,**               **Case No. 08-12540**

**CMD MANAGEMENT, LLC,**           **Hon. Victoria A. Roberts**
           **Involuntary Plaintiff,**

**v.**

**FORTHRIGHT III, LLC,**
           **Defendant.**

_____

**ORDER DENYING PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT AND DISMISSING CASE**

**I.     INTRODUCTION**

This is an action filed by Plaintiff National City Bank of Michigan ("National City") against Defendant Forthright III, LLC ("Forthright") to declare a satisfaction of mortgage null and void, *nunc pro tunc* (to give an action retroactive legal effect, as though it was performed at a particular, earlier date).  The Involuntary Plaintiff, CMD Management, LLC ("CMD"), Plaintiff's assignee, was added involuntarily by National City.

National City filed a Motion for Summary Judgment [Docket #21] on September 9, 2008.  The Court heard oral arguments on January 7, 2009 and took the matter under advisement.

For the reasons stated, the Court DENIES Plaintiff's Motion and DISMISSES this cause of action *sua sponte* for lack of jurisdiction.

## II.   BACKGROUND

On May 10, 1999, Forthright, by its manager David Clapper, executed a Retail Installment Contract and Security Agreement ("Note") in the principal amount of $750,000.00 in favor of National City.  On June 7, 1999, Forthright gave National City a preferred ship mortgage ("Mortgage") on a 1999 54-foot Sea Ray vessel, Official Number 1082595, Hull ID Number SERY0567C999.  The Mortgage secured payment of the Note.

On May 1, 2008, National City assigned its interest in the Mortgage and Note to CMD for valuable consideration.  As of April 4, 2008, National City says Forthright owed more than $578,462.00 on the Note.

On May 22, 2008, one of National City's employees inadvertently filed a Satisfaction of Mortgage with the United States Coast Guard's National Vessel Documentation Center ("NVDC"); the NVDC maintains a national registry of vessel documentation.

On June 13, 2008, National City filed this action.  It sought: (1) a declaration that it mistakenly issued and recorded the satisfaction of mortgage; and (2) a judgment rescinding the satisfaction of mortgage.  At the time it filed this action, National City failed to inform the Court that CMD was a necessary party or that CMD had an interest in the outcome of this litigation.

In August 2008, National City filed a Rescission of Satisfaction of Mortgage with the NVDC.  The parties revealed this fact for the first time during oral argument.

CMD says it attempted to file National City's assignment of mortgage and note with the NVDC on two occasions, but was denied because the vessel is "out of

2

document" (the term is used, but not defined by the parties).  It is unclear whether these attempts occurred before or after National City filed of the Rescission of Satisfaction of Mortgage.  The note remains unpaid and CMD declared Forthright in default.

On September 3, 2008, National City filed an Amended Declaratory Complaint [Docket #18] adding CMD as an involuntary plaintiff.  Neither CMD nor Forthright filed an Answer to the original Complaint or the Amended Declaratory Complaint.

On September 9, 2008, National City filed this Motion for Summary Judgment [Docket #21].  National City asks the Court to declare the mistakenly issued and recorded satisfaction of mortgage null and void, *nunc pro tunc*.  Forthright says it is not a proper defendant and opposes the Motion.  CMD says it has claims against National City, Forthright, and the vessel *in rem,* and says those claims should not be a part of this proceeding and should not be construed as compulsory under the Federal Rules of Civil Procedure.  CMD says the proper forum to litigate its claims is the Southern District of Florida, where the vessel is docked.  CMD does not object to entry of summary judgment in National City's favor, provided that CMD's claims and rights are not adversely affected.

## III.   STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995).  A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the

3

essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995). To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule 56(c). *Cox*, 53 F.3d at 149. Alternatively, the movant may meet this burden by pointing out to the court that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact. Rule 56(e); *Cox*, 53 F.3d at 150. The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint. *Copeland*, 57 F.3d at 479. The mere existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the

4

nonmoving party.  *Snyder*, 57 F.3d at 488; *Tolton*, 48 F.3d at 941.

## IV.    ARGUMENT

### A.    PLAINTIFF NATIONAL CITY LACKS STANDING

The Court first addresses whether National City has standing to bring this action. None of the parties raised or addressed this issue, but because it is jurisdictional, the Court is obliged to address it. *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 n. 1 (6th Cir.1996).  "[F]ederal Courts, being courts of limited jurisdiction, must examine their subject-matter jurisdiction throughout the pendency of every matter before them." *Id.*

The United States Supreme Court stated that standing is "the threshold question in every federal case." *Warth v. Seldin*, 422 U.S. 490, 498, 45 L. Ed. 2d 343, 95 S. Ct. 2197 (1975).  Any inquiry into a litigant's standing to sue involves examination of both constitutional limitations and prudential restrictions. *Id.*  As the Sixth Circuit recently explained:

> To satisfy Article III's standing requirement, a plaintiff must have suffered some actual or threatened injury due to the alleged illegal conduct of the defendant; the injury must be "fairly traceable" to the challenged action; and there must be a substantial likelihood that the relief requested will redress or prevent the plaintiff's injury. . . . In addition to the constitutional requirements, a plaintiff must also satisfy three prudential standing restrictions. First, a plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interest of third parties." Second, a plaintiff's claim must be more than a "generalized grievance" that is pervasively shared by a large class of citizens. Third, in statutory cases, the plaintiff's claim must fall within the "zone of interests" regulated by the statute in question.

*Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (citations omitted).

In order to have standing to litigate an issue in federal court, therefore, the plaintiff must demonstrate a personal stake in the resolution of the controversy. See

5

*Baker v. Carr*, 369 U.S. 186, 204, 7 L. Ed. 2d 663, 82 S. Ct. 691 (1962).  In this regard, declaratory judgment actions are no different than any other action. See *Adult Video Ass'n v. United States*, 71 F.3d 563, 565-66.

Federal Rule of Civil Procedure 17(a) provides that "(e)very action shall be prosecuted in the name of the real party in interest."  The effect of Fed. R. Civ. P. 17(a) is that the action must be brought by the person who, according to the governing substantive law, is entitled to enforce the right. *Mason-Rust v. Laborers' International Union of North America, AFL-CIO*, Local 42, 435 F.2d 939 (8th Cir. 1980); *U.S. v. 936.71 Acres of Land, More or Less, Situated in Brevard County, State of Florida*, 418 F.2d 551 (5th Cir. 1969); *Boeing Airplane Co. v. Perry*, 322 F.2d 589 (10th Cir.), cert. denied, 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472 (1963).

"The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338, 70 L.Ed. 682 (1926).

National City wants rescission of a discharge of mortgage.  National City does not claim any actual or threatened injury as a result of actions by Defendant; it seeks to correct its own mistake.  Thus, its claim is not "fairly traceable" to any illegal conduct of Defendant.

In its original Declaratory Complaint [Docket #1], National City failed to inform the Court that CMD was a necessary party or that CMD had an interest in the outcome of

6

this litigation. This Court issued an Order [Docket #20] granting National City's Motion to

Amend Complaint.  National City subsequently amended its Complaint to add CMD as

an involuntary plaintiff.  National City's Amended Declaratory Complaint [Docket #18]

alleges at paragraph 6 that "[o]n or about May 1, 2008, Involuntary Plaintiff CMD

acquired the note and mortgage held by Plaintiff for valuable consideration."

Attached as Exhibit 3 to CMD's Response [Docket #25] to National City's Motion

for Summary Judgment is a copy of an Allonge (a piece of paper attached to a

negotiable instrument to allow space for writing endorsements) dated May 1, 2008 and

signed by Thomas Morris on behalf of National City.  It says:

> For value received, the undersigned Assignor sells, sets over, assigns and
> transfers to CMD Management, LLC all of its right, title and interest to the
> instrument to which this writing is attached.  This assignment is made without
> recourse of any kind against Assignor and is without representation or warranty,
> express or implied, in fact or in law by Assignor to any person.
> (Inv. Pl. Resp. Br. Ex. 3).

This document clearly provides that National City, as assignor, assigned its rights

in the Note and Mortgage to CMD, as assignee.  An assignment will ordinarily be

interpreted or construed in accordance with the rules of construction governing

contracts generally. *Lowrance v. Hacker*, 888 F.2d 49 (7th Cir. 1989). The Assignment

between these parties expressly states that National City is selling "all of its right, title

and interest to the instrument to which this writing is attached." (Inv. Pl. Resp. Br. Ex. 3).

Hence, National City did not reserve any rights in the note and mortgage.  After such an

assignment, National City retained no right to litigate claims it assigned away.  An

assignor's rights with regard to everything that was assigned are extinguished upon

assignment. *Amboy Nat'l Bank v. Generali-U.S. Branch*, 930 F.Supp. 1053, 1059 (D.

7

N.J.1996).

An assignee then steps into the shoes of the assignor. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 777-778, 120 S. Ct. 1858, 146 L. Ed. 2d 836 (2000). The Supreme Court expressly held that an assignee can sue based on his assignor's injuries.  Thus, the assignee of a claim has standing to assert the injury in fact suffered by the assignor. See *Vermont Agency*, 529 U.S. at 774.

Chapter 313 of Title 46, United States Code, governs commercial instruments and maritime liens.  Pursuant to 46 U.S.C. § 31321, to have a valid lien against a vessel, an assignee of a mortgage that includes any part of a documented vessel must record the assignment with the Secretary of Transportation. Specifically, 46 U.S.C. § 31321 states:

> A bill of sale, conveyance, mortgage, assignment, or related instrument, whenever made, that includes any part of a documented vessel or a vessel for which an application for documentation is filed, must be filed with the Secretary of Transportation to be valid, to the extent the vessel is involved, against any person ….

The Code of Federal Regulations further establishes the requirements for assignments of mortgages and provides:

> An assignment of mortgage presented for filing and recording must:
>  (a) Be signed by or on behalf of each assignor; and
>  (b) Recite the following:
>      1) the name and address of each assignor and the interest in the mortgage held by the assignor(s); and
>      2) the name and address of each assignee and the interest in the mortgage granted to the assignee.

46 C.F.R. § 67.237.  The copy of the assignment presented to the Court did not comport with § 67.237, and it is unclear whether CMD or National City presented the NVDC with an assignment for filing that did so.

8

Additionally, the Code of Federal Regulations provides:

> Any person directly affected by a decision or action of an officer or employee of the Coast Guard acting on or in regard to the documentation of a vessel under part 67 or part 68 of this title, may make a formal appeal of that decision or action to the Director of Prevention Policy, Commandant (CG–54), in accordance with the procedures contained in § 1.03–15 of this subpart. The decision of the Director of Prevention Policy, Commandant (CG–54), on such an appeal will constitute final agency action.

46 C.F.R. § 1.03-45.  It is unclear whether National City or CMD exhausted this administrative remedy.

In any event, because National City assigned away all of its "right, title and interest" in the Note and Mortgage, it does not have a personal stake in this case and is not a real party in interest; it lacks standing to bring this claim.

## B.  JOINDER OF CMD AS AN INVOLUNTARY PLAINTIFF UNDER FED. R. CIV. P. 19 WAS IMPROPER

Fed. R. Civ. P. 19(a) defines a person who should be joined if feasible as, inter alia, one who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest . . .." Fed. R. Civ. P. 19(a)(1).  "If a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." Fed. R. Civ. P. 19(a)(2).

Because such joinder is disfavored, the "proper case" requirement has been interpreted to mean that a party may only be joined as an involuntary plaintiff if that party "(1) has an obligation to permit its name or title to be used to protect rights

9

asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof." *Sheldon v. West Bend Equipment Corp.*, 718 F.2d 603, 606 (3rd Cir.1983) (citing *Independent Wireless Telegraph Co. v. Radio Corporation of America*, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, 1926 Dec. Comm'r Pat. 294 (1926) for support).

Rule 19(a) "makes no provision for a plaintiff to require another person to maintain an action vested solely in such other person, even though its maintenance might result in benefit to the plaintiff." *Coast v. Hunt Oil Co.*, 195 F.2d 870, 872 (5th Cir.), cert. denied, 344 U.S. 836, 97 L. Ed. 651, 73 S. Ct. 46 (1952). See also *Rhode Island Comm. on Energy v. General Servs. Admin.*, 561 F.2d 397, 402-03 (1st Cir. 1977); *In re Interstate Motor Freight System IMFS, Inc.*, 71 Bankr. 741, 746 (Bankr. W.D. Mich. 1987).  A narrow exception to this general rule originated with *Independent Wireless Tel. Co v. Radio Corp. of Amer.*, 269 U.S. 459, 70 L. Ed. 357, 46 S. Ct. 166 (1926), a case in which the holder of an exclusive patent license sought to sue for infringement of the patent. The exception is that an involuntary plaintiff may be joined to cure the original plaintiff's inability to press a claim if the original plaintiff and the involuntary plaintiff have "such a relationship that the absent party must allow the use of his name as plaintiff." 3A James W. Moore et al., Moore's Federal Practice P 19.06 at 84 (2d ed. 1995).

 Absent the "proper case" exception, where there is an obligation to join as a plaintiff, the preferred method is to designate and serve involuntary parties as defendants, regardless of their appropriate interest alignment. See generally Wright & Miller, 7 Federal Practice and Procedure § 1605 and cases cited therein.

10

There is no indication that CMD was asked and refused to join this litigation.  In fact, CMD says National City filed this action unbeknownst to it and that it did not learn of the suit until the month after filing. (Inv. Pl. Resp., p. 2).  CMD was under no duty to allow National City to use its name in this action; National City assigned away all of its rights, title and interest in the Note and Mortgage.  Likewise, CMD was under no obligation to join National City in the action since National City had no right to bring the action in the first place.  CMD, the real party in interest, is the proper party to pursue this claim since its security interest is affected.

Moreover, CMD was not outside the jurisdiction of the Court.  CMD is a Michigan limited liability company, within the reach of the Court's jurisdiction.  Most importantly, National City lacks standing in this matter.  The existing plaintiff must have standing to sue in order for the involuntary plaintiff doctrine to apply. *Rhode Island Comm. on Energy v. General Servs. Admin.*, 561 F.2d at 403; see also *Coast*, 195 F.2d at 872.

For all these reasons, this is not a proper case for CMD's joinder as an involuntary plaintiff.

### C.    DISMISSAL FOR LACK OF JURISDICTION IS PROPER

Since there is no proper Plaintiff in this case, dismissal is warranted.  While CMD could realign itself as a Plaintiff, CMD indicated to the Court that it believes the proper forum for it to litigate its claims is in the Southern District of Florida.  The Court presumes CMD would not realign itself.  Therefore, the Court declines to declare the rights of these parties and instead will dismiss this matter *sua sponte* for lack of jurisdiction.

### V.    CONCLUSION

11

The Court DENIES Plaintiff's Motion for Summary Judgment.  Instead, this matter is DISMISSED for lack of jurisdiction.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  February 2, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 2, 2009.

s/Carol A. Pinegar
Deputy Clerk